IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THE HOEHN FAMILY, LLC, <br> a Kansas Limited Liability Company, et al., | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) | No. 07-0069-CV-W-DW |
| | ) | |
| PRICEWATERHOUSECOOPERS, LLP, <br> a Delaware Limited Liability Partnership, et al., | ) <br> ) <br> ) | |
| Defendants. | ) | |

**ORDER**

Plaintiffs originally filed their complaint in the Circuit Court of Jackson County, Missouri. In that Complaint, Plaintiffs allege that Defendants conspired to defraud the Plaintiffs and others who purchased into a Foreign Leverage Investment Program ("FLIP") out of millions of dollars in unearned fees. FLIP is a tax product comprised of a series of complex transactions which Defendants implemented on Plaintiffs' behalf. Plaintiffs claim Defendants assured them that the FLIP was a legitimate investment strategy that would reduce tax liability and would "more likely than not" be approved by the Internal Revenue Service. Plaintiffs contend that, despite these assurances, Defendants knew that the FLIP "was an abusive tax shelter that would not pass IRS scrutiny." Plaintiffs allege nine different counts under Missouri state law: Fraud; Conspiracy; Breach of Fiduciary Duty; Professional Malpractice; Disgorgement of Unethical, Excessive and Illegal Fees; Unjust Enrichment; Breach of Contract; Negligent Misrepresentation; and Missouri Merchandising Practice Act.

Defendants removed this case on January 25, 2007. Plaintiffs subsequently filed their Motion to Remand. (Doc. 6). Defendants argue that this Court has "original jurisdiction founded"

upon federal question jurisdiction. Defendants state that a federal question exists here since Plaintiffs' state law claims "hinge on the resolution of complicated, disputed federal tax issues."

In addition to causes of action created by federal law, federal question jurisdiction includes "state-law claims that implicate significant federal issues." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (U.S. 2005). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314.

In similar factual situations, numerous other courts have found that the federal tax issues here are neither necessary nor substantial. Acker v. AIG Int'l, Inc., 398 F. Supp. 2d 1239, 1243 fn. 2 (S.D. Fla. 2005) (collecting cases); Snook v. Deutsche Bank AG, 410 F. Supp. 2d 519, 523 (S.D. Tex. 2006) (collecting cases); Samuel Trading, LLC v. Diversified Group, Inc., 420 F. Supp. 2d 885, 891 (N.D. Ill. 2006); Baker v. BDO Siedman, L.L.P., 390 F. Supp. 2d 919, 925 (N.D. Cal. 2005).[1] As in those cases, Plaintiffs' claims do not necessarily raise a substantial federal issue since Plaintiffs allege various alternative and independent theories of liability that do not require interpretation of federal tax law. Samuel Trading, 420 F. Supp. 2d at 891(finding

---

[1]In support of their argument, Defendants cite a case from the Western District of Arkansas, Becnel v. KPMG LLP, 387 F. Supp. 2d 984 (W.D. Ark. 2005). There, the Court denied the Motion to Remand and found that the Complaint necessarily raised a substantial and disputed federal issue. Id. Becnel, however, stands alone in having granted federal jurisdiction where Plaintiff's state law claims allege that Defendants unreasonably or improperly interpreted federal tax law. Snook v. Deutsche Bank AG, 410 F. Supp. 2d 519, 523 (D. Tex. 2006) ("Moreover, in the wake of Grable, a number of district courts have been faced with issues similar to those presented in this case, and, with the exception of one, all have found removal to be improper.). In light of the particular factual allegations in this case and the weight of contradicting case law, this Court does not adopt the Becnel analysis.

2

that the federal issue was not necessary where the interpretation of federal tax law was merely one of many theories on a claim); Baker, 390 F. Supp. 2d at 925 (plaintiffs' case was remanded where "Plaintiffs' claims...are capable of being resolved on state law bases without the interpretation of federal law."). For example, Plaintiffs list twenty different representations and omissions as the basis for their fraud claim, including Defendants' failure to disclose UBS's role in the transaction, Defendants' failure to disclose that their fees were excessive, and Defendants' failure to disclose their fee splitting arrangements. Accordingly, Plaintiffs could state a claim for fraud on those bases without ever invoking federal tax law.

Plaintiffs' allegations are also distinguishable from those in Grable in that the resolution of any federal question here is fact specific. As the Supreme Court recognized in a later case, Grable involved an almost pure legal issue that "thereafter would govern numerous tax sales cases." Empire HealthChoice Assur., Inc. v. McVeigh, 126 S. Ct. 2121, 2137 (U.S. 2006). Here, however, Plaintiffs' allegations are highly fact-bound. Id. Whether Defendants were fraudulent depends primarily on what they knew and believed. The outcome of this case would not provide guidance for future interpretations of the tax code. It would only provide guidance as to whether Defendants knew or should have known that the FLIP was legally impermissible under federal tax law.

By entertaining Plaintiffs' Complaint, this Court would also disturb the fair division of labor between the state and federal courts. See Grable, 545 U.S. at 314. Plaintiffs allege various state law claims, including negligence and malpractice. The state courts are clearly well-suited to hear these cases. To convert a malpractice or fraud case into a federal claim every time a plaintiff alleges a professional unreasonably interpreted federal law would open the proverbial floodgates.

3

See <u>Acker v. AIG Int'l, Inc.</u>, 398 F. Supp. 2d 1239, 1243 fn. 2 (S.D. Fla. 2005); <u>Snook v. Deutsche Bank AG</u>, 410 F. Supp. 2d 519, 523 (S.D. Tex. 2006); <u>Sheridan v. New Vista, L.L.C.</u>, 406 F. Supp. 2d 789, 794 (W.D. Mich. 2005).

For the foregoing reasons, the Court concludes that Plaintiffs' allegations do not fit within the "special and small category" of state claims that arise under federal law. <u>Dunmire v. Elliott Holdings, Inc.</u>, 2006 U.S. Dist. LEXIS 85629 (W.D. Mo. 2006), *quoting* <u>Empire</u>, 126 S. Ct. 2121 at 2136. Plaintiffs' Motion to Remand is therefore GRANTED. This case is hereby REMANDED to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to close the file in this case.

Date: March 30, 2007 /s/ DEAN WHIPPLE
Dean Whipple
United States District Court

4